Dear Mr. Wooden:
You requested an Attorney General's opinion regarding the expansion of the homestead exemption under the recent revision to La. Const. Art. VII, Sec. 20. Specifically, you question the relationship between the homestead exemption and the Special Assessment Level (SAL) provided for in La. Const. Art. VII, Sec.18. As you indicated, the homestead exemption has been extended, in certain instances, to include usufructs, irrevocable trusts and property owned in indivision. Pursuant to Acts 2004, No. 929, § 1 a proposal to amend Art. VII, Sec. 20 was submitted to the electors of the state and was ratified at the election held November 2, 2004. The amendment became effective on December 7, 2004.
Before addressing your question, we must advise that the determination of whether property is subject to homestead exemption and the SAL is a factual determination which is the responsibility of the various tax assessors, subject to review by the Louisiana Tax Commission and, ultimately, the courts. ArticleVII, Section 18 of the Louisiana Constitution of 1974 and R.S.47:1952. In accord are Attorney General Opinion Nos. 00-321 and 01-315.
As noted, the homestead exemption was expanded under the revision to La. Const. Art. VII, Sec. 20. The SAL is separate and distinct from the homestead exemption. The only relationship between the two is that in order to receive the SAL, the property must be receiving the homestead exemption. However, there are additional requirements for the SAL as set forth in La. Const. Art. VII, Sec.18, which provides in relevant part as follows:
(G)(1) Special Assessment Level
 (a)(i) The assessment of residential property receiving the homestead exemption which is owned and occupied by any person or persons sixty-five years of age or older and who meet all of the other requirements of this Section shall not be increased above the total assessment of that property for the first year that the owner qualifies for and receives the special assessment level.
 (ii) Any person or persons shall be prohibited from receiving the special assessment as provided in this Section if such person's or persons' adjusted gross income, as reported in the federal tax return for the year prior to the application for the special assessment, exceeds fifty thousand dollars. For persons applying for the special assessment whose filing status is married filing separately, the adjusted gross income for purposes of this Section shall be determined by combining the adjusted gross income on both federal tax returns. Beginning for the tax year 2001, and for each tax year thereafter, the fifty thousand dollar limit shall be adjusted annually by the Consumer Price Index as reported by the United States Government.
As can be gleaned from the above, to qualify for the SAL the following conditions must be met:
 The residential property in question must be receiving the homestead exemption.
 The residential property must be owned and occupied by a person or persons 65 years of age or older.
 The person or persons' adjusted gross income, as reported in their prior year federal tax return, must not exceed $50,000.
For the purposes of your question, the pertinent condition is the ownership requirement. While the homestead exemption was expanded beyond ownership, there was no expansion of the SAL requirements. The amendment to La. Const. Art. VII, Sec. 20 has no effect on the SAL. It is the opinion of this office that a person or persons must meet all of the conditions set forth in La. Const. Art. VII, Sec. 18, including ownership, in order to receive the SAL.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb